#### IN THE

# SUPERIOR COURT OF JUDICATURE.

#### FOR THE

## COUNTY OF MERRIMACK, SEPTEMBER TERM,

### A. D. 1831.

## R. Wilson *versus* Daniel Rich.

A deputy sheriff in Vermont, not being answerable there to any other person than the sheriff, for any neglect of duty, he cannot be held in the courts of this state to be answerable for any such neglect, to any other person than the sheriff.

This was an action upon the case against the defendant, a deputy of the sheriff of the county of Essex, in the state of Vermont, for not returning an execution, in favor of the plaintiff, against one T. S., returnable to the county court of the said county of Essex, and which had been delivered to the defendant to be served and returned.

There was a demurrer to the declaration and joinder in demurrer.

*R. Bartlett*, for the plaintiff.

*I. Bartlett*, for the defendant.

*By the court.* This is an action against the defendant, for a breach of duty as a public officer of the state of Vermont. But it has been settled there, in the highest court in the state, that an action will not lie against an under-

Wilson
*v.*
Rich.

sheriff for a breach of duty in his office.    The law is the same in England and New-York.    8 Cowen, 212, *Paddock* v. *Cameron* ;  Cowper, 403, *Cameron* v. *Reynolds.*

We must, therefore, presume that in Vermont, a deputy sheriff is not a public officer, but the mere servant of the sheriff, and responsible for the performance of his duty to the sheriff alone ; that all the responsibility with respect  to  the  service  of  process  rests  upon  the  sheriff, and that he, and he alone, is answerable for any neglect of duty in that respect.

Such being the law of Vermont, it is very clear, that this plaintiff has stated, in his declaration, no ground, on which an action can be maintained any where.

It, therefore, becomes unnecessary to enquire, whether, if the defendant were by law liable in the courts of Vermont, an action could be maintained here for a breach of duty imposed by the laws of that state.    Even in such a case it is by no means clear that the action could be maintained.    5 Cowen, 665 and 669.

*Judgment for the defendant.*